IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANTONIA JOVINA JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-00125-DGK-SSA ) |
| LEE DUDEK, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Antonia Jovina Johnson's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including degenerative disc disease of the spine and right knee arthritis. But the ALJ found that she retained the residual functional capacity ("RFC") to perform light work with certain limitations and could perform her past relevant work as a secretary. Alternatively, the ALJ found that even if she could not perform work as a secretary, Plaintiff could work as a routing clerk, cleaner, and cafeteria attendant.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs on October 20, 2021, alleging a disability onset date of February 29, 2020. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the case to the ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 8, 2024, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's actions at Step Four by arguing that the ALJ erred in: (1) assessing the mental components of Plaintiff's RFC; and (2) assessing the physical components of Plaintiff's RFC.

Before delving into the numerous, specific arguments on these fronts, the Court notes a unifying deficiency across most arguments. Plaintiff repeatedly atomizes and cherry picks record evidence that supports a finding of disability, while ignoring or downplaying the evidence that supports the ALJ's decision. These arguments not only mischaracterize the record and the ALJ's well-supported and thorough decision, but they also invite the Court to do what it cannot: "reweigh the evidence presented to the ALJ or try the issue in this case de novo." *Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019) (internal quotation marks omitted). Plaintiff's kitchen sink approach also forces the Commissioner to expend considerable time and resources scouring the record and caselaw to refute her meritless arguments. As best the Court can tell, this appears to be an attempt

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

to overwhelm the Commissioner and get him to agree to a remand rather than respond to Plaintiff's voluminous arguments.

If Plaintiff's counsel takes this approach in future cases the Court will summarily affirm the Commissioner's decision and may also impose sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority.[2] All arguments should be targeted to meritorious issues that are supported by the caselaw and factual record.

## I. Substantial evidence supports the ALJ's RFC formulation with respect to her alleged mental limitations.

Plaintiff argues that the ALJ erred by not including certain mental limitations in her RFC even though: (1) the ALJ found she had mild mental limitations at Step Two; (2) the ALJ found persuasive certain doctors' opinions that included mild mental limitations. Defendant counters that the ALJ thoroughly considered Plaintiff's purported mental impairments, but he found that they did not require limitations to be assessed in the RFC. And more fundamentally, Defendant contends that even if the ALJ had included the purported limitations, it would not have resulted in a finding of disability.

Defendant is correct. The ALJ did not err in failing to discuss every purported mental limitation in his RFC analysis because the ALJ has no duty to do so. *See Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)). And even though the ALJ found mild mental limitations in certain areas at Step Two, this does not require the ALJ to assess any functional limitations in the RFC at Step Four. *See Bond v. Berryhill*, No. 4:18-CV-00294-DGK-SSA, 2019 WL 1569349, at *2–3 (W.D.

---

[2] Plaintiff's brief structure and arguments here mirror the plaintiff's brief structure and arguments in another recent case. *See Baumgarden v. King*, 4:24-00035-CV-DGK-SSA, ECF No. 9. The plaintiffs' counsel of record is not the same in these two cases, but it appears that the same attorney drafted the briefs in these cases. Plaintiff's counsel is reminded that he should have the attorney who drafted the briefs also sign them along with him.

Mo. Apr. 11, 2019); *Johnson v. Berryhill*, 4:17-CV-00416-DGK-SSA, 2018 WL 2336297, at *2 (W.D. Mo. May 23, 2018).  Similarly, it was not erroneous for the ALJ to find Drs. Isenberg and Skolnick's opinions persuasive but not assess any mental limitations.  *See Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) ("[T]he ALJ is free to accept some, but not all of a medical opinion.").  Although they found some mild limitations at Step Two, their opinions did not ultimately assess any functional limitations as part of the mental RFC portion.  R. at 19, 59, 68.  And more fundamentally, the record is full of normal mental examination findings that prove her mental impairments did not warrant any functional limitations in the RFC.  R. 449, 457–58, 480, 494–96, 513, 517, 524, 540, 551, 560, 573, 586, 590, 595, 639, 664, 668, 673, 677, 681, 683, 781, 783, 801, 804, 808, 810, 819, 844, 898, 913, 915, 945, 949–50, 1069–70, 1210–17.

In sum, substantial evidence supports the mental components of the RFC.

## II.     Substantial evidence supports the ALJ's RFC formulation with respect to Plaintiff's physical limitations.

In a meandering and unstructured set of arguments,[3] Plaintiff contends the ALJ erred in various ways in assessing her RFC.  Defendant counters each point with controlling caselaw and record evidence.

None of Plaintiff's arguments have any merit.  First, the ALJ properly considered and assessed the objective medical evidence, treatment notes, and opinion evidence regarding Plaintiff's alleged problems with her neck, hip, knee, and spine.  R. at 16–17, 58–59, 68, 285–334, 445–50, 683, 685, 690, 693, 755, 775–777, 855–56, 899, 905–07, 1107, 1144–47, 1163.  Second, the ALJ properly discounted Plaintiff's allegations of disabling pain based on (1) the improvement she saw from some medical treatment, R. at 17, 628–29, 633, 757, 828–29; (2) her failure to follow other prescribed treatment, R. at 18, 647; and (3) her daily activities, R. at 18, 1210–17.  *See Julin*

---
[3] In future briefs, Plaintiff's counsel shall put arguments in separate sections or subsections with separate headers.

*v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (discounting credibility based on daily activities); *Whitman v. Colvin*, 762 F.3d 701, 706 (8th Cir. 2014) (discounting credibility based on failure to follow treatment); *Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010) (discounting credibility based on treatment being effective). Third, the ALJ did not err in assessing her RFC in part by referencing light work as defined Department of Labor along with additional functional limitations. *See Nash*, 907 F.3d at 1090–91 (function-by-function analysis is not required). Fourth, the ALJ did not err in failing to adopt every limitation proposed by Drs. Ross and Cole. *See Austin*, 52 F.4th at 729. Fifth, the ALJ did not err in rejecting Dr. George's opinion for being internally inconsistent, unsupported, and conclusory. *See Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir. 2013); *Wildman*, 596 F.3d at 964. Sixth, since the ALJ's RFC assessment was not flawed, neither was his hypothetical to the vocational expert that was based on the RFC. *See Blackburn v. Colvin*, 761 F.3d 853, 860–61 (8th Cir. 2014).

In sum, substantial evidence supports the physical components of the RFC analysis.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 26, 2025 　　　　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT